IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PATRICIA D. PHELAN,

    Plaintiff,

v.

STATE OF OREGON, et al.,

    Defendants.

Civ. No. 07-6023-AA

ORDER TO PROCEED
IN FORMA PAUPERIS AND
ORDER OF DISMISSAL

AIKEN, Judge:

    Plaintiff moves to proceed *in forma pauperis* (filed February 2, 2007). Upon examination of plaintiff's affidavit, the court finds that plaintiff is unable to afford the costs of this action. Accordingly, IT IS ORDERED that the provisional in forma pauperis status given the plaintiff is confirmed. This action may go forward without the payment of fee or costs.

    However, plaintiff fails to allege facts to support a

1   - ORDER

violation of federal law that would allow this court to exercise jurisdiction over her claims. Based on the allegations contained in plaintiff's Complaint and Motion for Order of Injunction, the State of Oregon Department of Human Services (DHS) possesses legal custody of plaintiff's grandson. Plaintiff alleges that DHS lied and provided false information to the Juvenile Court, did not allow plaintiff to intervene in the dependency proceedings, failed to give plaintiff notice of court proceedings, and denied plaintiff and her husband their rights as grandparents. Plaintiff requests that this court order the proceedings in the juvenile court to be enjoined and trial held in this court.

Essentially, plaintiff seeks federal court intervention in or invalidation of a pending state court proceeding. See Younger v. Harris, 401 U.S. 37, 43-44 (1971). However, "federal courts should abstain from intervening in pending state judicial proceedings out of deference to the interests of comity and federalism." Kleenwell Biohazard Waste & General Ecology Consultants, Inc. v. Nelson, 48 F.3d 391, 393 (9th Cir. 1995) (citing Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc., 477 U.S. 619, 626-27 (1986)). In other words, this court must dismiss any claim that seeks to invalidate or intervene in a pending state proceeding. Based on documents presented by plaintiff, the state proceeding regarding custody of plaintiff's grandson remains pending, and plaintiff must raise her claims before the state court.

2    - ORDER

Finally, even if the state court proceeding resulted in a final judgment or order of adoption, plaintiff cannot seek review of that judgment in this court. Review of a final court decision by a federal court is a de facto appeal of a state court decision and prohibited. <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923); <u>D.C. Ct. of Appeals v. Feldman</u>, 460 U.S. 462 (1983). Instead, plaintiff must seek review of the final judgment in the Oregon State Court of Appeals.

## CONCLUSION

Plaintiff fails to allege a cognizable claim that would allow this court to order the relief she seeks. Further, for the reasons explained above, I find amendment would be futile. Accordingly, this case is DISMISSED.

IT IS SO ORDERED.

Dated this ___8___ day of February, 2007.

_____
Ann Aiken
United States District Judge

3    - ORDER